# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| CHRIS LARS POWERS AND ) | CASE NO. 07-63396 |
| RICHELLE LEIGH POWERS, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |

Before the court is the Application for Compensation filed by Debtors' counsel, Anthony J. Costello (hereafter "Attorney Costello") on May 22, 2008. Through the fee application, Attorney Costello seeks a total of $3,000.00, of which $126.00 has been paid. No objections to the application were filed.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a joint Chapter 13 petition on November 7, 2007. Accompanying the petition was a Disclosure of Compensation of Attorney for Debtor(s) whereby Attorney Costello disclosed that he agreed to accept $2,500.00 for his services and indicated he received $126.00 prior to filing the case. A balance of $2,374.00 remained. On the same date, Attorney Costello filed a fee application requesting an order from the court authorizing the chapter 13 trustee to disburse $2,500.00 to him for his services. Notice of the fee application was never provided and was never ruled on by the Court.

On November 29, 2007, Debtors filed an amended plan which contained the following special provision: "The attorney fees are three thousand dollars and counsel shall file an application for same pursuant to Rule 2016(a)." The same provision is contained in the second amended plan dated March 12, 2008, but is not on the third amended plan dated May 22, 2008.[1] However, on May 19, 2008, the Rule 2016

---

[1] In the absence of a special provision, fees default to the administrative order in effect at the time the case was filed pursuant to paragraph ten of the Form Plan Summary. In this

statement was amended to increase fees from $2,500.00 to $3,000.00. On May 22, 2008, Attorney Costello filed an application for attorney's fees requesting $3,000.00. An itemization of the services provided was attached.

The Court issued a preliminary order on the fee application requiring Mr. Costello to provide an explanation as to why the administrative order should not apply in this case. Attorney Costello complied on August 21, 2008. In response, he pointed to the sheer number of documents filed in the case which he alleges triple those in a normal case. He pointed out that seven objections to confirmation were filed, he filed three amended plans on behalf of debtors, and that the 341 meeting of creditors was continued twice. Additionally, he noted that the plan dealt with $477,000.00 in debt and that Debtors' approved the fees for which he seeks reimbursement.

On September 2, 2008, the Court held the fee application in abeyance pending confirmation of Debtors' plan. The plan was confirmed on September 18, 2008.

## LAW AND ANALYSIS

### I.     General Order on Chapter 13 Fees

When this case was filed, Administrative Order 05-06 governed the fees in this case. As set forth in that order, flat fees up to $2,000.00 could be approved and paid through the plan by the trustee without court approval if the conditions set forth in the order were met. Additionally, if the plan required a sixty-month commitment, an additional $250.00 was allowed. Thus, the maximum no-look fee for any case was $2,250.00. Upon review of the B22C (the "means test"), it appears that this case required a five year commitment. According to the plan filed on November 7, 2007, Debtors proposed a dividend of forty-five percent to unsecured creditors. Counsel had not requested more than $500.00 as a retainer and did execute and file a "Rights and Responsibilities" form on November 8, 2007. As a result, the no-look fee for this case under Administrative Order 05-06 was $2,250.00.

As a general rule, in a standard chapter 13 case, the no-look fee traditionally encompasses services through confirmation of the plan. In addition to these services, it also includes limited, typically post-confirmation, services. At the outset of the review, it appears that there is something askew in this case: counsel is requesting $3,000.00 – $750.00 more than the highest no-look fee set forth by the Court – for pre-confirmation services alone. Thus, it appears that the question is whether the case is an atypical case or the fees are merely excessive?

---

case, attorney's fees are governed by former Administrative Order 05-06. Based on the plan term and the proposed dividend to unsecured creditors, Administrative Order 05-06 provides a no-look fee of $2,000.00 to Mr. Costello.

## II. Reasonableness of Fees

The guidelines for compensation awards are set forth in 11 U.S.C. § 330. Section 330(a)(4)(B) provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

In the Sixth Circuit, "reasonable compensation" is based on a lodestar calculation which requires a bankruptcy court to "multiply the attorney's reasonable hourly rate by the number of hours reasonably expended." *See* In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is subject to upward or downward adjustment based upon the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 793 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also* Hensley v. Eckerhart, 461 U.S. 424 (1983).

The first factor in the lodestar analysis, the attorney's reasonable hourly rate, is set forth on the itemization provided by Attorney Costello. His normal hourly rate is $200.00 per hour. According to the itemization, Attorney Costello spent 16.1 hours on this case, for a total of $3,220.00. The itemization states that the amount has been discounted to $3,000.00, resulting in an hourly fee of approximately $186.00. In the general scheme of hourly rates presented in this court, this amount is not patently unreasonable.

The second consideration, evaluation of the "hours reasonably expended," requires closer review of the nature of the case and the events which transpired. At the outset, the Court notes the difficulty in determining the reasonableness of the time expended from a review of the itemization of fees provided by Attorney Costello. In direct contravention of General Order 93-1, paragraph ten, Attorney Costello has repeatedly lumped multiple services together under one time entry. Additionally, some of the entries are vague. Also, the service label "arrange file" appears multiple times

throughout the itemization. The Court cannot divine meaning, let alone determine an appropriate value, for such a service. The Court is concerned that Attorney Costello is billing for clerical items. Such entries include, but may not be limited to: preparation of the petition and amended petition, faxes, and running court dockets. Other issues with the itemization, and the services, are more fully identified in the remainder of this opinion.

The first plan filed by Attorney Costello was not the Court's form plan. Administrative Order 05-05, entered on October 17, 2005, requires use of the Form Plan and authorizes the filing of the Chapter 13 Form Plan Summary. All of these documents are available on the Court's website. Since the original plan filed by Attorney Costello was not the form plan, or the form plan summary, a deficiency notice was issued by the clerk's office on November 8, 2007. The first amended plan was filed on November 29, 2007 utilizing the correct form. The Court finds that Attorney Costello's billing for the plan amendment is wholly unreasonable: Attorney Costello was expected to know the Court's filing requirements upon agreeing to handle a case in this Court; billing clients to accommodate a learning curve is not seemly.

The Court also takes issue with billing for simple errors which are avoidable. The clerk's office requested an amendment to the voluntary petition because the city on the petition was incorrectly identified as "Canton" and not "North Canton." This was clearly just an inadvertent mistake, but one that Attorney Costello had the power to avoid. The docket contains several of these items: on December 12, 2007, the Court entered a deficiency for using the wrong docket event; on March 13, 2008, a deficiency was entered on a certificate of service; on April 11, 2008, another deficiency was issued related to a certificate of service; on May 14, 2008, a pleading was filed with the wrong judge listed in the caption; on June 4, 2008, a modification of plan was filed, but the plan had not yet been confirmed. Although Attorney Costello is not always billing for the correction of these items, it does squarely relate to his experience and abilities.

The Court finds no novelty or difficulty in this case. In his response to the Court's preliminary order on his application, Attorney Costello referenced seven objections to confirmation. The Court can only locate five objections: an objection by Sterling Inc. filed on November 19, 2007; and objection by FirstMerit Bank filed on November 30, 2007; an amended objection by the trustee filed on February 19, 2008; and two objections by GMAC filed on March 31, 2008 and June 10, 2008. (It appears Attorney Costello may be counting amended objections.) The latter two GMAC Mortgge objections are duplicates filed in response to amended plans. Of the four objections to confirmation, two were based merely on the value of collateral. All of the objections were resolved by agreed order; none required an evidentiary hearing. It appears that Attorney Costello was amending the plans in accordance with the agreements reached with creditors on the objections. However, this is not necessary as an agreed order will suffice.

Before this case was confirmed, Attorney Costello had filed a total of five plans, the original plan and four subsequent amendments, and a modification to the plan. Attorney Costello suggests that the sheer number of documents in this case supports the increased fee. The Court does not agree, but finds that unnecessary work was created. In addition to what was outlined above, the Court cannot find any differences in the fourth

and fifth amended plans. *See* Amended Chapter 13 Plan filed May 22, 2008, doc. 79; Amended Chapter 13 Plan filed June 30, 2008, doc. 97. These duplicate plans appear to also account for the duplicate objections to confirmation filed by GMAC Mortgage, as well as the nearly identical orders between debtors and GMAC Mortgage filed on June 2, 2008 and August 8, 2008. As stated above, the modification was a misfiling because the plan had not been confirmed when the modification was filed.

Similarly, the trustee's motions to dismiss were often to get documents which were not timely filed. On December 12, 2007, the trustee's amended motion to dismiss contains an allegation that tax returns were not timely provided, as required by 11 U.S.C. § 521(e)(2)(A)(i). As a result, it was necessary to continue the 341 meeting, requiring preparation of a continuation notice. *See* Notice of Continuance of Meeting of Creditors, December 12, 2007, doc. 30. In the response filed on December 18, 2007, debtors indicated that the tax returns were filed on December 12, 2007, the date of the motion. Thereafter, for an unknown reason, a second continuation of the 341 was necessary. *See* Notice of Continued Meeting of Creditors, January 28, 2008, doc. 45. The trustee's 341 minutes, filed on February 19, 2009, indicate that debtors needed to file a Confirmation Review Summary and a motion and order avoiding a judgment lien. *See* Doc. 57. April 9, 2008, the trustee's filed an amended motion to dismiss because the Confirmation Review Summary had not been filed. Debtors responded on April 10, 2008 that the document was being provided "herein" but the document was not filed until May 13, 2008. The motion to avoid the lien was not filed until June 4, 2008. It appears that additional efforts resulted from the need to obtain documents which should have been filed without resorting to deficiency notices and motions to dismiss.

Conversely, the Court notes that, in spite of Attorney Costello's arguments toward complexity and difficulty, what is telling are items absent in this case. In spite of the size of the debt, not one single objection to claim was filed by debtors. The single motion for relief from stay was withdrawn by the creditor. To date, not one hearing has been conducted before the Court. The fees sought are solely for services rendered prior to confirmation.

Turning to other factors for the Court's consideration, there is no indication that the attorney was precluded from other work in taking this case. The highest number of hours Attorney Costello spent on this case in any given day was 2.2 hours. Further, he billed hours for only thirty-four days over an eight-month period. It does not appear that the client imposed time limitations, nor does the Statement of Financial Affairs disclose a foreclosure suit pending at the time the case was filed. Considering all of the factors outlined herein, the Court finds that the bulk of the factors incline against the requested fee.

## **CONCLUSION**

What the Court finds is a pattern of inattentiveness and lack of care that resulted in additional, but unnecessary, work. Whether it is a result of unfamiliarity with this Court's procedures or a lack of general knowledge, the Court cannot say. However, it is clear that the additional fees sought by counsel above and beyond those set forth in the Court's General Order 05-06 are clearly not warranted. The Court will deny the requested compensation of $3,000.00 and award Attorney Costello a total of $2,250.00

for the services provided to date. Attorney Costello received $126.00 prior to filing, so the Court awards $2,124.00, to be paid through the chapter 13 plan in accordance with the standard fee disbursement procedures.

An order will be issued immediately.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Anthony J Costello
2666 S Arlington Rd
Akron, OH 44319-2010

Chris Lars Powers
Richelle Leigh Powers
2142 Fife Circle NW
North Canton, OH 44720